**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


**CHARLES SMITH,**

          **Petitioner,**

      **v.**                            **CASE NO. 19-3157-SAC**

**UNITED STATES OF AMERICA,**

          **Respondent.**


## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner commenced this action in August 2019, seeking the release of all persons assigned to the Sexual Predator Treatment Program (SPTP). On the same day, the clerk of the court issued a Notice of Deficiency (NOD) to petitioner advising him that his petition was not submitted on a form, as required by the rules of the Court, and that he had failed to submit a motion to proceed in forma pauperis or the $5.00 filing fee.

Within the time allowed to correct these deficiencies, petitioner filed a motion to dismiss. The Court dismissed this matter on September 24, 2019. However, on October 28, 2019, the Court granted petitioner's request to reopen this matter. Since that time, petitioner has submitted two motions to appoint counsel, a demand for jury trial, a supplement to the petition, an affidavit, a combined motion for preliminary injunction and a temporary restraining order, and a motion for joinder. The Court has examined these pleadings and enters the following order.

First, petitioner has not yet submitted the petition on forms, nor has he submitted a motion to proceed in forma pauperis or paid

the filing fee. Petitioner will be given a new deadline for correcting these deficiencies, and he if fails to comply, the Court will consider whether this matter should be dismissed.

Next, the Court denies petitioner's motions to appoint counsel. There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). At this point, petitioner has provided no clear ground for relief regarding the proposed dissolution of the SPTP, and the Court finds no basis to appoint counsel in this matter.

Likewise, the Court denies petitioner's motion for a preliminary injunction or a temporary restraining order. To obtain this relief, a moving party must show (1) a substantial likelihood of success on the merits; (2) irreparable harm if the relief is denied; (3) the threatened injury outweighs the harm that the relief would cause to the opposing party; and (4) the relief, if granted, would not adversely affect the public interest. *Gen. Motors Corp. v. Urban Gorilla, L.L.C.*, 500 F.3d 1222, 1226 (10th Cir. 2007). Because relief of this

type is an extraordinary remedy, the right to relief "must be clear and unequivocal." *Greater Yellowstone Coal v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003). The materials he submits are not related to his claim concerning the SPTP, and it appears this material was docketed in all of petitioner's filings.[1]

Finally, the Court denies petitioner's motion for joinder of this action with other actions filed by him. The Court construes this request to seek the consolidation of this petition with other actions filed by the petitioner.

Under Rule 42 of the Federal Rules of Civil Procedure, where actions before the Court involve a common question of law or fact, the court may join the matters for hearing or trial, consolidate them, or issue any appropriate orders to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The present petition is a challenge to the SPTP and does not appear to be so closely related to the petitioner's other filings that joinder would aid in the efficient development and resolution of petitioner's claims.

IT IS, THEREFORE, BY THE COURT ORDERED petitioner is granted to and including **December 27, 2019,** to submit his habeas corpus petition on forms and to submit either a motion for leave to proceed in forma pauperis or the $5.00 filing fee. The clerk of the court shall transmit the appropriate form to petitioner. If petitioner fails to comply with this order, his petition may be dismissed without prejudice and without additional notice.

---

[1] The caption of this pleading identifies Case Numbers 19-3139 and 19-3131 "And all other pending lawsuits."

IT IS FURTHER ORDERED petitioner's motions to appoint counsel (Docs. 7 and 10), his motion for a preliminary injunction and for a temporary restraining order (Doc. 12) and his motion for joinder (Doc. 13) are denied.

**IT IS SO ORDERED.**

DATED:  This 9th day of December, 2019, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge